Ashley M. McDow (245114)
Michael T. Delaney (261714)
Fahim Farivar (252153)
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:    310.820.8800
Facsimile:    310.820.8859
Email:    amcdow@bakerlaw.com
         mdelaney@bakerlaw.com
         ffarivar@bakerlaw.com

[Proposed] Attorneys for
Debtors and Debtors in Possession

**FILED & ENTERED**

AUG 07 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY steinber   DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>HOAG URGENT CARE-TUSTIN, INC., et al.,<br><br>    Debtors and Debtors in Possession.<br><br>Affects:<br><br>■ All Debtors<br><br>☐ Cypress Urgent Care, Inc., a California corporation, ONLY<br><br>☐ Hoag Urgent Care – Anaheim Hills, Inc., a California corporation, ONLY<br><br>☐ Hoag Urgent Care – Huntington Harbour, Inc., a California corporation, ONLY<br><br>☐ Hoag Urgent Care – Orange, Inc., a California corporation, ONLY<br><br>☐ Hoag Urgent Care – Tustin, Inc., a California corporation, ONLY<br><br>☐ Laguna-Dana Urgent Care, Inc., a California corporation, ONLY | Lead Case No.: 8:17-bk-13077-TA<br><br>Chapter 11<br><br>(Jointly Administered with Case Nos. 8:17-bk-13078-TA; 8:17-bk-13079-TA; 8:17-bk-13080-TA; 8:17-bk-13089-TA; 8:17-bk-13090-TA)<br><br>**ORDER GRANTING THE DEBTORS' EMERGENCY MOTION FOR ORDER AUTHORIZING (1) THE PAYMENT OF PREPETITION WAGES, (2) THE CONTINUATION OF EMPLOYEE PROGRAMS POSTPETITION, (3) THE WITHHOLDING AND PAYMENT OF PAYROLL RELATED TAXES, AND (4) THE PAYMENT OF PREPETITION CLAIMS RELATING TO EMPLOYEE PROGRAMS**<br><br>Hearing:<br>Date:    August 4, 2017<br>Time:    10:00 a.m.<br>Place:   Courtroom 5B<br>         U.S. Bankruptcy Court<br>         411 West Fourth Street<br>         Santa Ana, CA 92701 |

On August 4, 2017, the *Emergency Motion for Order Authorizing (1) the Payment of Prepetition Wages, (2) the Continuation of Employee Programs Postpetition, (3) the Withholding and Payment of Payroll Related Taxes, and (4) the Payment of Prepetition Claims Relating to Employee Programs* (the "Motion") [Docket Entry 12], filed by the debtors and debtors in possession (the "Debtors") in the above-captioned jointly administered bankruptcy cases (the "Bankruptcy Cases"), came on for hearing in the above-referenced court, the Honorable Theodor C. Albert presiding.  Appearances were made as stated on the record.

Having reviewed and considered the Motion and all pleadings and papers filed in support thereof, having heard and considered the arguments of counsel made at the hearing, having found that notice of the Motion was adequate and appropriate under the circumstances and that no further notice need be given, and finding good cause appearing therefor,

IT IS HEREBY ORDERED that:

1. The Motion is granted subject to the provisions of this order;

2. The Debtors are authorized, but not required, directly or through Radiant Physician Group ("RPG"), to pay, continue, or otherwise honor the Prepetition Obligations (as defined in the Motion);

3. The Debtors are authorized, directly or through RPG, to reissue any checks from the debtors in possession accounts in order to pay any Prepetition Obligations that have been, or may be, dishonored as a result of the closure of the prepetition bank accounts or the commencement of the Bankruptcy Cases;

4. The insiders of the Debtors (as defined in 11 U.S.C. § 101(31B) and identified in Exhibit A to the Motion) shall not be paid on account of any Prepetition Obligations or on account of any postpetition wages, compensation, benefits and expense reimbursements unless and until the Debtors have filed and served Notices of Insider Compensation for the insiders in accordance with the Local Bankruptcy Rules and the guidelines of the Office of the United States Trustee, as applicable, and such compensation has been approved (whether expressly

approved by order of this Court or because no timely objection(s) thereto are made);

5. To the extent the Debtors need to use cash collateral to pay the Prepetition Obligations, the Debtors are authorized to do so subject to the conditions set forth in the *Order Granting Emergency Motion for Order (1) Authorizing the Interim Use of Cash Collateral Pursuant to 11 U.S.C. 363, (2) Finding Prepetition Secured Creditors Adequately Protected Pursuant to 11 U.S.C. 361 and 363, and (3) Granting Related Relief* as entered by the Court;

6. The Debtors are authorized, directly or through RPG, to continue each of the Employee Programs (as defined in the Motion) in the ordinary course of business during the pendency of the Bankruptcy Cases;

7. The Debtors are authorized, directly or through RPG, to pay any and all local, state, and federal withholding and payroll-related or similar taxes related to the Prepetition Obligations and Employee Programs;

8. The Debtors are authorized, directly or through RPG, to pay any and all amounts deducted from Employee (as defined in the Motion) paychecks for payments on behalf of Employees for garnishment, charitable contributions, support payments, tax levies, bankruptcy payments, savings programs, benefit plans, insurance programs, and other similar programs;

9. The Debtors are authorized, to the extent applicable, directly or through RPG, to pay any prepetition claims of the administrators, insurance companies, trustee, and/or providers of any of the Employee Program to ensure the benefits to Employees related thereto continue uninterrupted;

10. All applicable banks and other financial institutions are authorized and directed to receive, process, honor, and pay all checks presented for payment and to honor all electronic payment requests made by the Debtors relating to the foregoing; and

///

///

11. The fourteen-day stay period under Bankruptcy Rule 6004(h) is hereby waived.

IT IS SO ORDERED.

# # #

Date: August 7, 2017

*Theodor C. Albert*
Theodor C. Albert
United States Bankruptcy Judge