1  Ashley M. McDow (245114)
   Michael T. Delaney (261714)
2  Fahim Farivar (252153)
   **BAKER & HOSTETLER LLP**
3  11601 Wilshire Boulevard, Suite 1400
   Los Angeles, CA  90025-0509
4  Telephone:    310.820.8800
   Facsimile:    310.820.8859
5  Email:        amcdow@bakerlaw.com
                 mdelaney@bakerlaw.com
6                ffarivar@bakerlaw.com

7  [Proposed] Attorneys for
   Debtors and Debtors in Possession
8

9            **UNITED STATES BANKRUPTCY COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11                 **SANTA ANA DIVISION**

12  In re                                    | Lead Case No.: 8:17-bk-13077-TA
13  HOAG URGENT CARE-TUSTIN, INC., et al.,    | Chapter 11
14
         Debtors and Debtors in Possession.  | (Jointly Administered with Case Nos.
15                                            | 8:17-bk-13078-TA; 8:17-bk-13079-TA;
                                              | 8:17-bk-13080-TA; 8:17-bk-13089-TA;
16  Affects:                                  | 8:17-bk-13090-TA)

17  ■   All Debtors                           | **OPPOSITION TO APPLICATION FOR
                                              | ORDER SETTING HEARING ON
18  □   Cypress Urgent Care, Inc., a California| SHORTENED NOTICE [LBR 9075-1(b)];
        corporation, ONLY                     | DECLARATION OF MICHAEL T.
19                                            | DELANEY IN SUPPORT THEREOF
20  □   Hoag Urgent Care – Anaheim Hills, Inc., a
        California corporation, ONLY          | **[Related to Docket Entry 47]**
21  □   Hoag Urgent Care – Huntington Harbour,
        Inc., a California corporation, ONLY
22
    □   Hoag Urgent Care – Orange, Inc., a
23      California corporation, ONLY
24  □   Hoag Urgent Care – Tustin, Inc., a
        California corporation, ONLY
25
    □   Laguna-Dana Urgent Care, Inc., a
26      California corporation, ONLY
27
28

611182124.5

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    Hoag Urgent Care-Anaheim Hills, Inc., Hoag Urgent Care-Huntington Harbour, Inc.,

2    Hoag Urgent Care-Orange, Inc., Hoag Urgent Care-Tustin, Inc. (collectively, the "Hoag

3    Debtors"), Cypress Urgent Care, Inc., and Laguna-Dana Urgent Care, Inc. (collectively, the

4    "Debtors"), the debtors and debtors in possession in the above-captioned, jointly administered

5    bankruptcy cases (collectively, the "Bankruptcy Cases"), hereby oppose (the "Opposition") the

6    *Application for Order Setting Hearing on Shortened Notice [LBR 9075-1(b)]* (the "Application")

7    [Docket Entry ("D.E.") 47].  In support thereof, the Debtors respectfully submit as follows:

8    **I.    DISCUSSION**

9    By and through the Application, Opus Bank ("Opus") seeks to shorten notice for the

10    hearing on *Opus Bank's Motion for Order (I) Partially Excusing Receiver's Compliance with 11*

11    *U.S.C. § 543(a) and (b); and (II) Granting Limited Relief From the Automatic Stay Under 11*

12    *U.S.C. § 362* (the "Motion") [D.E. 41].  In support of the request, Opus provides but one

13    rationale—namely, that Opus **believes** the continued use of cash collateral is related to the future

14    role of the pre-petition receiver, David Stapleton (the "Receiver"), and thus, that in the interest of

15    "judicial economy," the hearing on the Motion should be held at the same time as the hearing on

16    the continued use of cash collateral.  Setting aside the fact that adequate protection and the

17    involvement of the Receiver are completely unrelated (as a post-petition custodian is not intended

18    to serve or protect the interests of any one creditor), the purported relatedness of these issues does

19    not justify accelerating the resolution of the Motion—especially given the potential lack of

20    disinterestedness of the Receiver.  To the contrary, if joint resolution of the cash collateral and

21    section 543 issues is warranted, the interests of creditors would be far better served by extending

22    the term of the interim cash collateral order and permitting the Debtors to investigate the

23    relationship between the Receiver and Opus (among others)—a relationship that may mandate

24    that the Receiver should not be excused from complying with the turnover requirements under 11

25    U.S.C. § 543.

26

27

28

611182124.5

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**A.** **Limited Discovery Is Warranted Before Adjudicating The Motion And, Thus, The Application Must Be Denied**

Excusing the Receiver from turnover under 11 U.S.C. § 543(d) requires the Court to determine whether the continued involvement of the Receiver serves the interests of _all creditors_—not solely the interests of Opus.[1]  _See_ 11 U.S.C. § 543(d)(1); _see also State Street Bank & Trust Co. v. Park (In re Park)_, 198 B.R. 956 (Bankr. C.D. Cal. 1996) ("[T]he decision [to excuse turnover under section 543(d)] requires consideration of the interests of all classes of creditors of the bankruptcy estate, not just the interests of the creditor who initiated the receivership.").  Opus, however, has failed to establish that the continued involvement of the Receiver as a custodian serves the interests of _all creditors_—as opposed to the interests of Opus.

Indeed, both the conduct of the Receiver to date, and the express admissions contained in the declaration of the Receiver in support of the Motion (the "Receiver Declaration"), demonstrate that the continued involvement of the Receiver—in any capacity—will likely be detrimental to all creditors other than Opus and the other beneficiaries of the prepetition settlement agreement (the "Opus Agreement") by and among the Receiver, Opus, and Newport Healthcare Center ("Newport"), an affiliate of Hoag Memorial Hospital Presbyterian ("Hoag").  More precisely, the Receiver negotiated the Opus Agreement in secret with Opus—thereby excluding the Hoag Debtors after they expressed serious concerns about, among other things, the terms of the Opus Agreement and the impact of the same on other creditors—which is exceedingly troubling given that the Receiver was tasked with representing the interests of the Debtors and all of their creditors as an impartial fiduciary and agent of the court.  In addition to the manner in which the Opus Agreement was negotiated, the Opus Agreement (to which the Receiver was a party) solely benefitted the Receiver, Opus, Newport, and Hoag.  In fact, not only did the Hoag Debtors receive nothing from the transaction to satisfy their other creditors, the Opus Agreement did not contain any release or limitation of the Hoag Debtors' liability to Opus. Additionally, the Opus Agreement also excluded the account receivables from the transaction in

[1] For the sake of clarity, Opus has stated on numerous occasions that they "obtained the appointment" (or other words to the effect) of the receiver.  This characterization is completely inaccurate.  The Debtors stipulated to the appointment of the Receiver as an independent fiduciary in an effort to work with Opus to restructure its obligations.

611182124.5

1    order to provide additional benefit to Opus.  *See* <u>Receiver Declaration</u>, at D.E. 43, p. 3 (admitting

2    that under the Opus Agreement, the receivables "were to be collected by [the Receiver], in [his]

3    capacity as the receiver, for the benefit of Opus Bank.")  To put it simply, through the Opus

4    Agreement, the Receiver was prepared to leave the Hoag Debtors without any assets to satisfy

5    their obligations to creditors other than Opus.  Opus aptly described the Receiver's performance

6    in the Motion: "Since his appointment, the Receiver has taken steps to safeguard ***the bank's***

7    ***interests*** in its collateral …."  <u>Motion</u>, D.E. 41, at p. 6.[2]

8         In order to determine whether it would be appropriate for the Receiver to be excused from

9    turnover, by, among other things, evaluating the reasonableness of the Receiver's actions in

10   negotiating the Opus Agreement, the Debtors intend to propound limited discovery on the

11   Receiver, Opus, Newport, Hoag, and their respective counsel pursuant to Rules 7034 and 9014 of

12   the Federal Rules of Bankruptcy Procedure.  A copy of the proposed discovery requests to be

13   propounded on Opus today, which is substantially similar to the discovery requests to be

14   propounded on the other parties today, is attached to the Declaration of Michael T. Delaney as

15   **Exhibit A**.  The responses will be due on or before September 13, 2017.  It is imperative that the

16   Debtors be able to conduct discovery into these determinative issues before the Court adjudicates

17   the Motion and, thereby, potentially deprives of the Debtors of their fundamental right to act as

18   debtors in possession in the course of the Bankruptcy Cases and harms the interests of creditors.

19

20

21

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

---

22   [2] Opus yet again takes a liberal approach to the trust—contending (a) that the proposed settlement resolved certain claims of Opus and (b) that the Hoag Debtors did not voice any opposition to the settlement.  <u>Motion</u>, D.E. 41, at p. 6.  With respect to the former, the settlement did not resolve any of Opus' claims against the Hoag Debtors or their principals.  To the contrary, the settlement transaction was purposefully structured (by Opus and the Receiver) to divest the Hoag Debtors of its assets in a way that permitted Opus to retain the maximum amount of its deficiency claim against the Hoag Debtors.  With respect to the latter, the statement is completely false.  The Hoag Debtors expressed their opposition to the proposed transaction on multiple occasions until the Receiver and Opus excluded the Hoag Debtors and their counsel from negotiations and proceeded to negotiate the transaction in secret—only providing the agreement after it was fully executed and the Receiver was poised to seek court approval on an *ex parte* basis (i.e., a fire-sale of valuable assets without any involvement of the Hoag Debtors or any competitive bidding).  Opus continues its somewhat strained relationship with the truth by accusing the Debtors of falling into arrears with Newport and Hoag.  Opus conveniently omits the fact that the arrearage was the result of the Receiver attempting to pay himself almost $90,000 immediately before the Bankruptcy Cases were commenced and without first receiving approval from the receivership court and, thus, leaving the Debtors financially incapable of paying rent, which is just another indication that the Receiver is not serving, and will not serve, the interest of creditors other than Opus.

**B.    Opus Has Failed To Identify Any Reason Necessitating Shortened Notice**

Pursuant to LBR 9075-1(b)(2), an application for order setting hearing on shortened notice must establish, among other things, a "reason[] necessitating a hearing on shortened notice…." LBR 9075-1(b)(2)(A).  The only rationale provided for the hearing on the Motion on shortened notice is that:

> The court granted the use of cash collateral on an interim basis through the continued hearing, which has been set for August 29, 2017.  The issues of cash collateral and the partial relief from the Receiver's turnover obligations are intertwined as keeping the Receiver in place with oversight responsibility provides Opus Bank with a level of adequate protection. … In the interest of judicial economy, the Opus Bank seeks to shorten time on the hearing on the Motion so that it can coincide with the hearing on the continued use of cash collateral.

Application, D.E. 47, at pp. 2-3.  As a principal matter, this statement further demonstrates that relieving the Receiver from his turnover obligations under 11 U.S.C. § 543 is inappropriate as the Receiver serves and is intended (at least by Opus) to continue to serve the interests of Opus—not the interests of all creditors.  In any event, the potential relatedness of the use of cash collateral to the involvement of the Receiver does not warrant adjudicating such an integral question to the Bankruptcy Cases on shortened notice.  To the contrary, if such issues are related, it would be more appropriate to extend the term of the interim cash collateral order until the Motion may be heard after the conclusion of discovery—especially since Opus has identified no prejudice (and, in fact, could not identify any prejudice) arising from either (i) the continued use of cash collateral per the approved budget or (ii) the consideration of the Motion after all salient facts are known and presented to the Court.

/ / /

/ / /

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

611182124.5

## II.    CONCLUSION

In sum, Opus has not established any basis to shorten notice—especially in light of the pending discovery aimed solely at understanding the actions taken (or not taken) by the Receiver with respect to the Opus Agreement.  Accordingly, the Debtors respectfully request that the Court deny the Application.

Dated:    August 14, 2017                    Respectfully submitted,

                                             **BAKER & HOSTETLER LLP**

                                             By:    /s/ Michael T. Delaney
                                                    Ashley M. McDow
                                                    Michael T. Delaney
                                                    Fahim Farivar

                                                    [Proposed] Attorneys for
                                                    Debtors and Debtors in Possession

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

OPPOSITION TO APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE

611182124.5

1

## DECLARATION OF MICHAEL T. DELANEY

2      I, Michael T. Delaney, hereby declare:

3      1.      I am an attorney duly admitted to practice before the above-referenced court.  I am

4   an associated with the law firm of Baker & Hostetler LLP, proposed general insolvency counsel

5   to the debtors and debtors in possession in the above-captioned bankruptcy cases.  I submit this

6   declaration in support of the opposition to the *Application for Order Setting Hearing on*

7   *Shortened Notice [LBR 9075-1(b)]* (the "Opposition").  Unless otherwise defined herein, all

8   capitalized terms shall have the meaning ascribed to them in the Opposition.

9      2.      Unless otherwise stated, I have personal knowledge of the matters set forth herein,

10  and if called as a witness, could and would competently testify to the same.

11     3.      A copy of the proposed document request to be propounded on Opus is attached

12  hereto as **Exhibit A**.  The attached requests are substantially similar to the document requests the

13  Debtors intend to propound on the Receiver, Hoag, Newport, and counsel for Opus and Newport.

14  The Debtors intend to propound the requests on August 14, 2017.  As such, the responses to the

15  document requests will be due on or before September 13, 2017.

16

17     I declare under penalty of perjury that the foregoing is true and correct.  Executed this

18  14th day of August, 2017, at Los Angeles, California.

19

20

21                        /s/ Michael T. Delaney_____
                          Michael T. Delaney

22

23

24

25

26

27

28

Baker & Hostetler LLP
ATTORNEYS AT LAW
LOS ANGELES

611182124.5

# EXHIBIT A

Ashley M. McDow (245114)
Michael T. Delaney (261714)
Fahim Farivar (252153)
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:    310.820.8800
Facsimile:    310.820.8859
Email:    amcdow@bakerlaw.com
          mdelaney@bakerlaw.com
          ffarivar@bakerlaw.com

[Proposed] Attorneys for
Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re | Lead Case No.: 8:17-bk-13077-TA |
| HOAG URGENT CARE-TUSTIN, INC., et al., | Chapter 11 |
| Debtors and Debtors in Possession. | (Jointly Administered with Case Nos. 8:17-bk-13078-TA; 8:17-bk-13079-TA; 8:17-bk-13080-TA; 8:17-bk-13089-TA; 8:17-bk-13090-TA) |

Affects:

- ■  All Debtors
- □  Cypress Urgent Care, Inc., a California corporation, ONLY
- □  Hoag Urgent Care – Anaheim Hills, Inc., a California corporation, ONLY
- □  Hoag Urgent Care – Huntington Harbour, Inc., a California corporation, ONLY
- □  Hoag Urgent Care – Orange, Inc., a California corporation, ONLY
- □  Hoag Urgent Care – Tustin, Inc., a California corporation, ONLY
- □  Laguna-Dana Urgent Care, Inc., a California corporation, ONLY

**REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

| | |
|---|---|
| **PROPOUNDING PARTY:** | HOAG URGENT CARE-ANAHEIM HILLS, INC.; HOAG URGENT CARE-HUNTINGTON HARBOUR, INC.; HOAG URGENT CARE-ORANGE, INC.; HOAG URGENT CARE-TUSTIN, INC.; CYPRESS URGENT CARE, INC.; and LAGUNA-DANA URGENT CARE, INC. |
| **RESPONDING PARTY:** | OPUS BANK |
| **SET NUMBER:** | ONE |

   **PLEASE TAKE NOTICE** that the debtors and debtors in possession in the above-captioned, jointly administered bankruptcy cases hereby propound the within first set of requests for the production of documents (the "Document Requests") upon Opus Bank in relation to *Opus Bank's Motion for Order (I) Partially Excusing Receiver's Compliance with 11 U.S.C. § 543(a) and (b); and (II) Granting Limited Relief From the Automatic Stay Under 11 U.S.C. § 362* (the "Motion").  The adjudication of the Motion constitutes a contested matter under Rule 9014 of the Federal Rules of Bankruptcy Procedure ("FRBP").  The within Document Requests are propounded pursuant to Rule 34 of the Federal Rules of Civil Procedure ("FRCP"), which are mad applicable to this contested matter pursuant to Rules 7034 and 9014(c) of the FRBP.

   Pursuant to Rule 34(b)(2)(A) of the FRCP, you must respond to the within Document Requests and provide the responsive documents no later than thirty (30) calendar days after the date of service of these Document Requests—i.e., September 10, 2017—to the following address:

**Baker & Hostetler LLP**
**11601 Wilshire Blvd., Ste. 1400**
**Los Angeles, CA 90025**
**ATTN: Ashley M. McDow, Esq.**

## I.    DEFINITIONS

   The following defined terms shall apply to the Document Requests:

   1.    "BANKRUPTCY CASES" shall mean and refer to, collectively and individually, the bankruptcy cases pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, styled *In re Hoag Urgent Care-Tustin, Inc.*, case no. 8:17-bk-13077-TA, *In re Hoag Urgent Care-Huntington Harbour, Inc.*, case no. 8:17-bk-13078-TA, *In re Hoag Urgent Care-Orange, Inc.*, case no. 8:17-bk-13079-TA, *In re Hoag Urgent Care-Anaheim*

611181620.3

*Hills, Inc.*, case no. 8:17-bk-13080-TA, *In re Cypress Urgent Care, Inc.*, case no. 8:17-bk-13089-TA, and *In re Laguna-Dana Urgent Care, Inc.*, case no 8:17-bk-13090-TA.

2.    "COMMUNICATIONS" shall mean and refer to any transmission of information orally, by DOCUMENT(S), or by any other medium, including, but not limited to, any conversations, discussions, interviews, meetings, and conferences, whether in person, by telephone, or by some other medium, correspondence, letters, memoranda, telegrams, telexes, mailgrams, electronic mail (e-mail), instant communication, text message, or other transmission of information by any means in any medium, and/or any DOCUMENTS evidencing or referencing any transmission of information by any means in any medium.

3.    "DEBTORS" shall mean and refer to, collectively and individually, the debtors and debtors in possession in the BANKRUPTCY CASES—namely, Cypress Urgent Care, Inc., a California corporation, Hoag Urgent Care-Anaheim Hills, Inc., a California corporation, Hoag Urgent Care-Huntington Harbour, Inc., a California corporation, Hoag Urgent Care-Orange, Inc., a California corporation, Hoag Urgent Care-Tustin, Inc., a California corporation, and Laguna-Dana Urgent Care, Inc., a California corporation—and any predecessors, successors, subsidiaries, parent company or companies, members, shareholders, owners, investors, principals, officers, directors, partners, associates, agents, employees, independent contractors, representatives, attorneys, accountants, brokers, consultants, management company or companies, and/or any person or entity acting or purporting to act on its behalf, including, without limitation, Radiant Physician Group, Inc., a California corporation, and Your Neighborhood Urgent Care, LLC, a California limited liability company.

4.    "DOCUMENT" and "DOCUMENTS" shall be interpreted in the broadest sense possible and mean and/or refer to any written, graphic or other recorded (whether visibly, electronically, magnetically or otherwise) matter of whatever kind or nature or any other means of preserving thought or expression and all tangible things from which information can be processed, transcribed or retrieved, whether originals, copies of drafts (including, without limitation, non-identical copies), however produced or reproduced.  This shall include, but not be limited to, all retrievable information in computer or other digital storage, metadata, photographs,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

videotapes, letters, telegrams, correspondence, contracts, agreements, invoices, teletype message, notes, reports, mechanical sound recordings or transcripts thereof, calendars and calendar entries, and memoranda or minutes of telephone or personal conversations or minutes of conferences.  A DOCUMENT with handwritten, typewritten or other recorded notes, annotation, comments, editing marks, etc., is not and shall not be deemed identical to a version of such DOCUMENT without the modifications, additions, annotations, comments, and/or deletions.  A draft or non-identical copy of a DOCUMENT is a separate artifact from other versions of such DOCUMENT for purposes of this definition and the Document Requests.  Any written COMMUNICATION shall constitute a DOCUMENT as well as a COMMUNICATION.

5.    "EQUIPMENT" shall mean and refer to, collectively and individually, the equipment identified in paragraph A.1 of the OPUS AGREEMENT (defined *infra*) and therein defined as the "Equipment"—namely, "[c]ertain medical and office equipment, furniture and inventory … located at (i) 5355 Warner Avenue, Suite 102, Huntington Beach, CA 92649; (ii) 2560 Bryan Avenue, Tustin, CA 92782; and (iii) 5630 Santa Ana Canyon Road, Anaheim, CA 92807 (the "**Premises**") and other medical and office equipment, furniture and inventory [that] has been moved from the Premises and placed in storage…."

6.    "HOAG" shall mean and refer to, collectively and individually, Hoag Memorial Hospital Presbyterian, a California corporation, and any predecessors, successors, subsidiaries, parent company or companies, members, shareholders, owners, investors, principals, officers, directors, partners, associates, agents, employees, independent contractors, representatives, attorneys, accountants, brokers, consultants, and/or any person or entity acting or purporting to act on its behalf.

7.    "MOTION" shall mean and refer to *Opus Bank's Motion for Order (I) Partially Excusing Receiver's Compliance with 11 U.S.C. § 543(a) and (b); and (II) Granting Limited Relief From the Automatic Stay Under 11 U.S.C. § 362* filed by Opus Bank on or about August 11, 2017 in the BANKRUPTCY CASES, and any supporting or related briefs, memoranda, declarations, exhibits, and/or documents.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

8.      "NEWPORT" shall mean and refer to, collectively and individually, Newport Healthcare Center LLC, a Delaware limited liability company, and any predecessors, successors, subsidiaries, parent company or companies, members, shareholders, owners, investors, principals, officers, directors, partners, associates, agents, employees, independent contractors, representatives, attorneys, accountants, brokers, consultants, and/or any person or entity acting or purporting to act on its behalf.

9.      "OPUS" shall mean and refer to, collectively and individually, Opus Bank, a California corporation, and any predecessors, successors, subsidiaries, parent company or companies, members, shareholders, owners, investors, principals, officers, directors, partners, associates, agents, employees, independent contractors, representatives, attorneys, accountants, brokers, consultants, and/or any person or entity acting or purporting to act on its behalf.

10.      "OPUS AGREEMENT" shall mean and refer to the Settlement Agreement entered into as of July 20, 2017 by and among (a) David P. Stapleton, in his capacity as court-appointed receiver in the actions styled *Opus Bank v. Hoag Urgent Care-Tustin, Inc., et al*. and *Opus Bank v. Laguna-Dana Urgent Care, Inc., et al.*, pending in the Superior Court of California, County of Orange (i.e., the RECEIVER), (ii) Newport Healthcare Center LLC, a Delaware limited liability company (i.e., NEWPORT), and (iii) Opus Bank, a California corporation (i.e., OPUS).  A copy of the OPUS AGREEMENT is attached hereto as **Exhibit A**.

11.      "POLSINELLI" shall mean and refer to, collectively and individually, Polsinelli LLP and any predecessors, successors, subsidiaries, parent company or companies, affiliates, members, shareholders, owners, investors, principals, officers, directors, partners, associates, agents, employees, independent contractors, representatives, attorneys, accountants, brokers, consultants, and/or any person or entity acting or purporting to act on its behalf.

12.      "RECEIVER" shall mean and refer to, collectively and individually, David P. Stapleton, in his capacity as court-appointed receiver in the actions styled *Opus Bank v. Hoag Urgent Care-Tustin, Inc., et al*. and *Opus Bank v. Laguna-Dana Urgent Care, Inc., et al.*, pending in the Superior Court of California, County of Orange, and any partners, associates, agents, employees, employers, independent contractors, affiliates, affiliated entities, representatives,

1    attorneys, accountants, brokers, consultants and/or any person or entity acting or purporting to act

2    on his behalf.

3      13. "RELATE," when used with reference to any particular subject matter, shall mean

4    to embody, pertain to, consist, constitute, contain, reflect, identify, state, refer or relate to, deal

5    with, comprise, discuss, summarize, describe, contravene, or be in any way pertinent to the

6    subject matter.

7    **II. <u>INSTRUCTIONS</u>**

8      1. DOCUMENTS from any single file should be produced in the same order as they

9    were found in such file.  If copies of DOCUMENTS are produced in lieu of the originals, such

10    copies should be legible and bound or stapled in the same manner as the originals.  Labels or

11    other file designations should be produced and copied.

12      2. If, after conducting a reasonable investigation, a complete answer cannot be

13    provided for a request for production, state that such is the case, and answer to the fullest extent

14    possible, stating what responsive DOCUMENTS or information are available, what

15    DOCUMENTS or information cannot be provided, why the DOCUMENTS or information are

16    unavailable, what efforts were made to obtain the unavailable DOCUMENTS or information, and

17    the name and address of the last known custodian of the unavailable DOCUMENTS or

18    information.

19      3. If any information, DOCUMENT, or other requested matter is withheld on the

20    grounds of privilege or immunity from discovery, produce all those DOCUMENTS called for that

21    are not subject to a claim of privilege and so much of each DOCUMENT subject to a claim of

22    privilege that does not contain privileged information.  With respect to any DOCUMENT or any

23    portion of any DOCUMENT withheld because of privilege, state in writing the basis for your

24    privilege claim as follows:

25       a. A general description of the DOCUMENT which is claimed to be

26    privileged, including the number of pages of which it consists and the date appearing on the

27    DOCUMENT, or if no date appears, the date on which the DOCUMENT was prepared;

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS - OPUS BANK

611181620.3

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1          b.      The particular privilege which is claimed and the specific ground(s) on

2 which the claim of privilege is based;

3          c.      The name, business address, and job title of any persons who have read,

4 viewed, or listened to the information;

5          d.      The name, business address, and job title of the originator(s) or author(s) of

6 the DOCUMENT or thing which is claimed to be privileged;

7          e.      The name, business address, and job title of each designated recipient of

8 the DOCUMENT;

9          f.      The name(s) of the person(s) who has (have) custody of the

10 DOCUMENTS; and

11          g.      If work-product immunity is asserted, the proceeding for which the

12 privileged information was prepared.

13     4.      If not otherwise specified, the relevant time period shall be between January 1,

14 2017 and the present.

15     5.      These are continuing requests.

16 **III.**    **<u>DOCUMENT REQUESTION</u>**

17

18    **REQUEST NO. 1:**  Any and all COMMUNICATIONS RELATING to the MOTION.

19

20    **REQUEST NO. 2:**  Any and all DOCUMENTS RELATING to the MOTION.

21

22    **REQUEST NO. 3:**  Any and all COMMUNICATIONS RELATING to any or all of the

23 DEBTORS.

24

25    **REQUEST NO. 4:**  Any and all DOCUMENTS RELATING to any or all of the

26 DEBTORS.

27

28

FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS - OPUS BANK

611181620.3

1    **REQUEST NO. 5:**  Any and all COMMUNICATIONS RELATING to any or all of the

2  BANKRUPTCY CASES.

3

4    **REQUEST NO. 6:**  Any and all DOCUMENTS RELATING to any or all of the

5  BANKRUPTCY CASES.

6

7    **REQUEST NO. 7:**  Any and all COMMUNICATIONS RELATING to HOAG.

8

9    **REQUEST NO. 8:**  Any and all DOCUMENTS RELATING to HOAG.

10

11    **REQUEST NO. 9:**  Any and all COMMUNICATIONS RELATING to NEWPORT.

12

13    **REQUEST NO. 10:**  Any and all DOCUMENTS RELATING to NEWPORT.

14

15    **REQUEST NO. 11:**  Any and all COMMUNICATIONS RELATING to the RECEIVER.

16

17    **REQUEST NO. 12:**  Any and all DOCUMENTS RELATING to the RECEIVER.

18

19    **REQUEST NO. 13:**  Any and all COMMUNICATIONS between OPUS and the

20  RECEIVER RELATING to the MOTION.

21

22    **REQUEST NO. 14:**  Any and all DOCUMENTS exchanged between OPUS and the

23  RECEIVER RELATING to the MOTION.

24

25    **REQUEST NO. 15:**  Any and all COMMUNICATIONS between OPUS and the

26  RECEIVER RELATING to any or all of the DEBTORS.

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS - OPUS BANK

611181620.3

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**REQUEST NO. 16:**  Any and all DOCUMENTS exchanged between OPUS and the RECEIVER RELATING to any or all of the DEBTORS.

**REQUEST NO. 17:**  Any and all COMMUNICATIONS between OPUS and the RECEIVER RELATING to any or all of the BANKRUPTCY CASES.

**REQUEST NO. 18:**  Any and all DOCUMENTS exchanged between OPUS and the RECEIVER RELATING to any or all of the BANKRUPTCY CASES.

**REQUEST NO. 19:**  Any and all COMMUNICATIONS between OPUS and the RECEIVER RELATING to the OPUS AGREEMENT.

**REQUEST NO. 20:**  Any and all DOCUMENTS exchanged between OPUS and the RECEIVER RELATING to the OPUS AGREEMENT.

**REQUEST NO. 21:**  Any and all COMMUNICATIONS between OPUS and the RECEIVER RELATING to the EQUIPMENT.

**REQUEST NO. 22:**  Any and all DOCUMENTS exchanged between OPUS and the RECEIVER RELATING to the EQUIPMENT.

**REQUEST NO. 23:**  Any and all COMMUNICATIONS RELATING to the OPUS AGREEMENT.

**REQUEST NO. 24:**  Any and all DOCUMENTS RELATING to the OPUS AGREEMENT.

611181620.3

**REQUEST NO. 25:**  Any and all COMMUNICATIONS RELATING to the EQUIPMENT, including, but not limited to, COMMUNICATIONS RELATING to the value and/or ownership of the EQUIPMENT.

**REQUEST NO. 26:**  Any and all DOCUMENTS RELATING to the EQUIPMENT, including, but not limited to, DOCUMENTS RELATING to the value and/or ownership of the EQUIPMENT.

**REQUEST NO. 27:**  Any and all COMMUNICATIONS between OPUS and POLSINELLI RELATING to the MOTION.

**REQUEST NO. 28:**  Any and all DOCUMENTS exchanged between OPUS and POLSINELLI RELATING to the MOTION.

**REQUEST NO. 29:**  Any and all COMMUNICATIONS between OPUS and POLSINELLI RELATING to any or all of the DEBTORS.

**REQUEST NO. 30:**  Any and all DOCUMENTS exchanged between OPUS and POLSINELLI RELATING to any or all of the DEBTORS.

**REQUEST NO. 31:**  Any and all COMMUNICATIONS between OPUS and POLSINELLI RELATING to any or all of the BANKRUPTCY CASES.

**REQUEST NO. 32:**  Any and all DOCUMENTS exchanged between OPUS and POLSINELLI RELATING to any or all of the BANKRUPTCY CASES.

**REQUEST NO. 33:**  Any and all COMMUNICATIONS between OPUS and POLSINELLI RELATING to the OPUS AGREEMENT.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

611181620.3

1

2      **REQUEST NO. 34:**  Any and all DOCUMENTS exchanged between OPUS and

3  POLSINELLI RELATING to the OPUS AGREEMENT.

4

5      **REQUEST NO. 35:**  Any and all COMMUNICATIONS between OPUS and

6  POLSINELLI RELATING to the EQUIPMENT.

7

8      **REQUEST NO. 36:**  Any and all DOCUMENTS exchanged between OPUS and

9  POLSINELLI RELATING to the EQUIPMENT.

10

11      **REQUEST NO. 37:**  Any and all COMMUNICATIONS RELATING to the following

12  statement from the Declaration of David P. Stapleton filed in support of the *Receiver's Ex Parte*

13  *Application for Approval of Settlement* in *Opus Bank v. Hoag Urgent Care-Tustin, Inc.*, case no.

14  30-2017-00911945-CU-BC-CJC, pending in the Superior Court of California:

15        [T]hrough a series of lease and sublease agreements, an urgent care agreement and
          a trademark agreement, Newport/Hoag claimed an interest in the tangible assets of
16        the Clinics, including the stored assets of Orange and also controlled the
          occupancy of the premises where the Clinics operated and controlled their use of
17        the name "Hoag."  Newport advised that all for [*sic*] the foregoing were in
          substantial default for non-payment.
18

19

20      **REQUEST NO. 38:**  Any and all DOCUMENTS RELATING to the following statement

21  from the Declaration of David P. Stapleton filed in support of the *Receiver's Ex Parte Application*

22  *for Approval of Settlement* in *Opus Bank v. Hoag Urgent Care-Tustin, Inc.*, case no. 30-2017-

23  00911945-CU-BC-CJC, pending in the Superior Court of California:

24        [T]hrough a series of lease and sublease agreements, an urgent care agreement and
          a trademark agreement, Newport/Hoag claimed an interest in the tangible assets of
25        the Clinics, including the stored assets of Orange and also controlled the
          occupancy of the premises where the Clinics operated and controlled their use of
26        the name "Hoag."  Newport advised that all for [*sic*] the foregoing were in
          substantial default for non-payment.

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

Dated:    August 14, 2017            Respectfully submitted,

**BAKER & HOSTETLER LLP**

By:    _____
            Ashley M. McDow
            Michael T. Delaney
            Fahim Farivar

[Proposed] Attorneys for
Debtors and Debtors in Possession

FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS - OPUS BANK

611181620.3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**Baker & Hostetler LLP, 11601 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90025-0509**

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE [LBR 9075-1(b)]; DECLARATION OF MICHAEL T. DELANEY IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 14, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael T Delaney      mdelaney@bakerlaw.com, sgaeta@bakerlaw.com
Michael J Hauser      michael.hauser@usdoj.gov
Ashley M McDow      amcdow@bakerlaw.com,
mdelaney@bakerlaw.com;sgaeta@bakerlaw.com;rojeda@bakerlaw.com;ffarivar@bakerlaw.com;nbrazil@bakerlaw.com
Anthony J Napolitano      anapolitano@buchalter.com, IFS_filing@buchalter.com;salarcon@buchalter.com
Randye B Soref      rsoref@polsinelli.com, acruickshank@polsinelli.com
Steven M Spector      sspector@buchalter.com, IFS_efiling@buchalter.com;salarcon@buchalter.com
United States Trustee (SA)      ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) August 14, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Presiding Judge:
Hon. Theodor C. Albert
U.S. Bankruptcy Court
411 W. Fourth St., Ste. 5085
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 14, 2017 | Priscilla Markus | /s/ Priscilla Markus |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**