BARRY A. SMITH (SBN:  48697)
    bsmith@buchalter.com
STEVEN M. SPECTOR (SBN:  51623)
    sspector@buchalter.com
ANTHONY J. NAPOLITANO (SBN:  227691)
    anapolitano@buchalter.com
BUCHALTER, A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA  90017-2457
Telephone:  (213) 891.0700
Facsimile:   (213) 896.0400

Attorneys for Secured Creditor Opus Bank

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re | Lead Case No. 8:17-bk-13077-TA |
| HOAG URGENT CARE-TUSTIN, INC., et al., | Chapter 11 |
| Debtors and Debtors in Possession. | (Jointly Administered with Case Nos. 8:17-bk-13078-TA, 8:17-bk-13079-TA, 8:17-bk-13080-TA, 8:17-bk-13089-TA, 8:17-bk-13090-TA) |

Affects:

☒    All Debtors

☐    Cypress Urgent Care, Inc., a California corporation, ONLY

☐    Hoag Urgent Care- Anaheim Hills, Inc., a California corporation, ONLY

☐    Hoag Urgent Care- Huntington Harbour, Inc., a California corporation, ONLY

☐    Hoag Urgent Care- Orange, Inc., a California corporation, ONLY

☐    Hoag Urgent Care- Tustin, Inc., a California corporation, ONLY

☐    Laguna-Dana Urgent Care, Inc., a California corporation, ONLY

**LIMITED OPPOSITION OF OPUS BANK TO THE DEBTORS' MOTION TO EXTEND TIME TO FILE CASE OPENING DOCUMENTS**

[FRBP 1007(c), LBR 1007-1(b)]

Date:       N/A
Time:       N/A
Place:      United States Bankruptcy Court
            Courtroom 5B
            411 West Fourth Street
            Santa Ana, California 92701

BUCHALTER
A Professional Corporation
Los Angeles

BN 29873659V2

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE DEBTORS, THEIR COUNSEL AND ALL PARTIES IN INTEREST:**

Opus Bank, senior secured creditor of Hoag Urgent Care – Tustin, Inc., and its affiliated debtors in the above-captioned, jointly administered, chapter 11 bankruptcy cases (collectively, the "Debtors"),[1] submits this limited opposition (the "Opposition") to the Debtors' *Motion to Extend Time to File Case Opening Documents* [Docket No. 53][2] (the "Motion") as follows.

1.    While Opus Bank generally has no objection to the Debtors' motion for an extension of time to file their case commencement documents, Opus Bank submits this limited opposition to address its concern about certain important timing issues and to correct certain misstatements[3] made in the Motion.  As this Court recognized in its order of August 14, 2017, "this case is on something of a fast track [as] continuing losses will not be tolerated."  Thus, the availability of timely information is essential to evaluating whether the Debtors have performed and can perform post-petition.  The delay that the Debtors seek runs counter to this principle.

2.    Here's the timing issue:  the Debtors' section 341(a) meeting of creditors and the continued hearing on the Debtors' cash collateral motion are set for August <u>29</u>, 2017 at 10:00 a.m. and 2:00 p.m., respectively.   The Debtors seek an extension to, and including, August <u>25</u>, 2017, which is a Friday.  Conceivably, the Debtors could file their required case commencement documents after normal business hours leaving all interested parties with only one business day to review, analyze and prepare for the section 341(a) meeting of creditors and the cash collateral hearing.

3.    Additionally, the Debtors state in their Motion that they "have made significant progress with respect towards completing the Case Commencement Documents, [but that] they

---

[1]  The Debtors include Hoag Urgent Care – Tustin, Inc. (Case No. 8:17-bk-13077-TA), Hoag Urgent Care – Huntington Harbour, Inc. (Case No. 8:17-bk-13078-TA); Hoag Urgent Care – Orange, Inc. (Case No. 8:17-bk-13079-TA); Hoag Urgent Care – Anaheim Hills, Inc. (Case No. 8:17-bk-13079-TA); Cypress Urgent Care, Inc. (Case No. 8:17-bk-13089-TA); and Laguna Dana Urgent Care, Inc. (Case No. 8:17-bk-13090-TA).

[2]  All docket references are to the docket for the lead bankruptcy case of Hoag Urgent Care – Tustin, Inc. (Case No. 8:17-bk-13077-TA) unless otherwise noted.

[3]  It is not clear to Opus Bank whether these misstatements—along with the misstatements set forth in prior pleadings filed by the Debtors—are intentional or just careless.  Either way, to use the Court's words, they cannot be tolerated.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES
BN 29873659V2

**LIMITED OPPOSITION OF OPUS BANK TO THE DEBTORS'
MOTION TO EXTEND TIME TO FILE CASE OPENING DOCUMENTS**

require a brief extension of time to finalize and file them with the Court." If the Debtors have made "significant progress" (which is not explained) and simply need a brief amount of time to finalize them, then perhaps they can do so by August 23, 2017 (one week from today) in order to give all interested parties almost a full week to prepare for the section 341(a) meeting of creditors and the cash collateral hearing.

4.     Moreover, if the Debtors have made "significant progress" then certainly they can file some of the case commencement documents in piecemeal fashion (as many debtors often do) rather than waiting until their extended filing deadline to file all of the documents. For example, the List of Equity Security Holders, the Disclosure of Compensation of Attorney for Debtor and Corporate Ownership Statements are relatively simple forms that could be filed with minimal effort.

5.     Finally, Opus Bank submits this limited opposition in order to correct certain misstatements made by the Debtors in their Motion. The allegation that the Debtors were forced to file these bankruptcy cases to "prevent the fire-sale of" the Hoag Urgent Care clinics fully mischaracterizes a multi-party agreement between Opus Bank, the state court appointed receiver (the "Receiver"), Newport Healthcare Center ("Newport"), and Hoag Memorial Hospital Presbyterian ("Hoag Memorial") to which the Debtors did not object, were invited to participate, did participate and, then, for an unapparent reason, decided not to communicate and not to participate.[4] Indeed, the Debtors' counsel at the time is its bankruptcy counsel now so there certainly cannot be a lack of knowledge of the role of the Debtors in the transaction. Most

---

[4] This settlement, as opposed to a secured party's UCC sale, reached between the Receiver, Opus Bank, Newport, and Hoag Memorial resolved many things respecting the clinics of the Hoag Urgent Care debtors. It provided for Newport/Hoag Memorial to be the new operator of the clinics. It settled a dispute between Opus Bank and Newport over the equipment. It settled the financial issues respecting the clinics. It resulted in Opus Bank receiving payment of the appraised liquidation value of the equipment. It compromised the rent and royalty obligations. Most importantly, it allowed the employees of the clinics to continue to be employed. It also ended the receivership over the clinics (except for collecting receivables). It is submitted that this is a far cry from the "fire sale" referenced in the Debtors' Motion. The filing of these cases an hour before state court approval (importantly, the Debtors, with notice did not appear and did not object) has potentially eliminated the "bird in the hand." The "birds in the bush" are not yet visible. Not one feather's worth.

**LIMITED OPPOSITION OF OPUS BANK TO THE DEBTORS'
MOTION TO EXTEND TIME TO FILE CASE OPENING DOCUMENTS**

1  importantly, not only did the Debtors not object (and permit Newport/Hoag Memorial to actual

2  interact in advance with their employees), no mention ever was made of a "better deal."

3      6.      Further, the Motion implies that the Receiver has been impeding the Debtors'

4  ability to operate the centers without interruption.  This is unequivocally not the case.  As the

5  Court is aware, the Receiver was required under section 543(b)(2) to prepare and file an

6  accounting of the property of the Debtors, or proceeds or profits of such property during the

7  receivership.  In order for the Receiver to comply with this requirement, the Receiver needed

8  access to information from the Debtors.  It is disingenuous to suggest that the Debtors, who

9  operated under their existing management structure during the pendency of the receivership, were

10 impaired or impeded by the Receiver post-petition.[5]

11     7.      Based on the foregoing, Opus Bank does not object to the Court extending the

12 deadline for the Debtors to file their case commencement documents to August 23, 2017 in order

13 to permit adequate time for all interested parties to review such documents prior to the section

14 341(a) meeting of creditors and the continued cash collateral hearing.  An extension past that date

15 places a burden without necessity or justification on Opus Bank and others (including the U.S.

16 Trustee) who may also wish to participate at the section 341(a) meeting of creditors or the

17 continued hearing on cash collateral.

18 DATED:  August 16, 2017              BUCHALTER, a Professional Corporation

19

20                                     By:   /s/ Steven M. Spector

21                                          BARRY A. SMITH
                                           STEVEN M. SPECTOR
22                                         ANTHONY J. NAPOLITANO

23                                     Attorneys for Secured Creditor Opus Bank

24

25  _____

26  [5] Not to belabor the Debtors' exaggeration or inaccuracy of facts, the Receiver reports only five post-petition calls
    with Jennifer Amster and the exchange of a like number of emails or texts.  The Receiver had no role in post-petition
27  operations and made no physical visits to the clinics or business office.  Indeed, upon filing, the Receiver was
    "locked out" of access to the bank accounts by Ms. Amster.

28                                             4

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 29873659V2

LIMITED OPPOSITION OF OPUS BANK TO THE DEBTORS'
MOTION TO EXTEND TIME TO FILE CASE OPENING DOCUMENTS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
BUCHALTER, 1000 Wilshire Blvd, Suite 1500, Los Angeles, CA 90017


A true and correct copy of the foregoing document entitled (*specify*): **LIMITED OPPOSITION OF OPUS BANK TO THE
DEBTORS' MOTION TO EXTEND TIME TO FILE CASE OPENING DOCUMENTS** will be served or was served **(a)** on
the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
August 16, 2017      , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:
COUNSEL FOR HOAG URGENT CARE: Michael T Delaney    mdelaney@bakerlaw.com, sgaeta@bakerlaw.com
STAFF ATTY UST: Michael J Hauser    michael.hauser@usdoj.gov
COUNSEL HOAG URGENT CARE: Ashley M McDow    amcdow@bakerlaw.com,
mdelaney@bakerlaw.com;sgaeta@bakerlaw.com;rojeda@bakerlaw.com;ffarivar@bakerlaw.com
COUNSEL OPUS: Anthony J Napolitano    anapolitano@buchalter.com,
IFS_filing@buchalter.com;salarcon@buchalter.com
COUNSEL HOAG MEMORIAL: Randye B Soref    rsoref@polsinelli.com, acruickshank@polsinelli.com
COUNSEL FOR OPUS: Steven M Spector    sspector@buchalter.com,
IFS_efiling@buchalter.com;salarcon@buchalter.com
OFFICE UST: United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐  Service information continued on attached page


**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) August 16, 2017   , I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

*Debtor*                                    David Stapleton, as receiver
**Hoag Urgent Care-Tustin, Inc.**           515 South Flower Street, 36th Floor
PO Box 8979                                 Los Angeles, CA  90071
Newport Beach, CA 92658

☐  Service information continued on attached page


**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) August 16, 2017    , I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
Via Overnight Mail:
Hon. Theodor C. Albert
U.S. Bankruptcy Court
411 W. Fourth Street, Suite 5085
Santa Ana, CA 92701

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 16, 2017 | Sandra I. Alarcon | /s/ Sandra I. Alarcon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.